IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TAMMY M. R.,[1]

      **Plaintiff,**

v.

**COMMISSIONER of SOCIAL SECURITY,**

      **Defendant.**

Case No. 20-CV-00564-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, represented by counsel, seeks judicial review of the final agency decision denying her application for Disability Insurance Benefits (DIB) benefits pursuant to 42 U.S.C. § 423.[2]

## PROCEDURAL HISTORY

Plaintiff applied for benefits in November 2017, alleging disability beginning on November 25, 2015. Plaintiff subsequently amended the disability onset date in her application to November 6, 2015. After holding an evidentiary hearing, the ALJ denied the application on August 28, 2019. (Tr. 13-24). The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1).

---

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] The statutes and regulations pertaining to DIB are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes and regulations are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

Administrative remedies have been exhausted and a timely complaint was filed in this Court.

## ISSUES RAISED BY PLAINTIFF

Plaintiff raises the following points:

1. The ALJ failed to fully and fairly develop the record in that he did not clear up alleged inconsistencies in Plaintiff's testimony and the forms at Section E regarding her lifting limitations.

2. The ALJ did not adhere to SSR 16-3p when he failed properly assess Plaintiff's subjective allegations and take into account her husband's Third-Party Statement.

3. The ALJ's residual functional capacity ("RFC") determination was unsupported by substantial evidence because Plaintiff's pain was not accounted for.

## APPLICABLE LEGAL STANDARDS

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). To determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and

(5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any step, other than at step 3, precludes a finding of disability. *Ibid.* The plaintiff bears the burden of proof at steps 1–4. *Ibid.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Ibid.*

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial

review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

### THE DECISION OF THE ALJ

The ALJ followed the five-step analytical framework described above. He found that Plaintiff worked after the alleged disability onset date, but determined that Plaintiff had not worked at the level of substantial gainful activity. The ALJ found that Plaintiff had severe impairments of hypertension; breast cancer, status-post bilateral mastectomy and reconstruction surgery; and status-post hysterectomy and bilateral oophorectomy.

The ALJ found that Plaintiff had the RFC to perform the full range of work at the medium exertional level. Based on the testimony of a vocational expert, the ALJ found that Plaintiff was not disabled because she was able to do her past relevant work as a cook as that job is generally performed in the national economy.

### THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The Court finds that the ALJ's summary of the record in his decision, when compared with the points raised by Plaintiff, is sufficiently comprehensive and, therefore, there is no need to summarize it again here.

### ANALYSIS

I. **Developing the Record**

Plaintiff argues that the ALJ failed to develop the record fully and fairly.

Specifically, Plaintiff claims that the ALJ made an adverse finding against Plaintiff for inconsistencies in her Section E forms related to describing her job duties as a cook prior to disability, as contrasted with her testimony at the hearing, when he could have resolved the inconsistency by asking her about it. Instead, the ALJ did not ask and made an adverse finding against her on the issue of credibility. Plaintiff then obfuscates her point by scurrying from her main argument, complaining that the ALJ's decision failed to consider additional remarks by her on the Section E forms that placed her inconsistencies in proper context.[3]

At the hearing, the ALJ asked Plaintiff's previous attorney if she reviewed the exhibits in the file, and Plaintiff's attorney affirmed. (Tr. 33). The ALJ asked the attorney if she had any objection to the ALJ admitting that evidence; she raised no objection. (Tr. 33). Plaintiff's counsel did not alert the ALJ to any other evidence that existed that would assist in the disability determination. Following the ALJ's decision, Plaintiff's counsel filed a brief in support of the request that the Appeals Council review the ALJ's decision. (Tr. 285-87). Plaintiff's counsel did not alert the Appeals Council to the existence of other evidence that was not made part of the record before the ALJ. (*Id.*).

The claimant and ALJ share responsibilities for building the record. However, it is the claimant's burden to submit medical evidence to prove her disability. *See Bowen v. Yuckert,* 482 U.S. 137, 146 (1987) (quoting 42 U.S.C. 423(d)(5)(A)) ("[a]n

---

[3] The Court has been aware of this disorganized approach to writing for some time in the Social Security realm. To be crystal clear, it will not consider jumbled, secondary arguments that an experienced Social Security litigator could not organize properly. *See United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) (Judges are not truffle pigs, hunting for additional arguments buried in briefs.).

individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."); *Scheck v. Barnhart,* 357 F.3d 697, 701–02 (7th Cir. 2004), ("claimant bears the burden of supplying adequate records and evidence to prove their claim of disability."). *See also* 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, [claimants] have to prove to [the Social Security Administration] that [they] are ... disabled. This means that [claimants] must furnish medical and other evidence that [the Social Security Administration] can use to reach conclusions about your medical impairment(s)."); 20 C.F.R. § 404.1512(c) (claimant "must provide medical evidence showing that [claimant has] an impairment(s) and how severe it is during the time" [claimant states] that [claimant is] disabled. [Claimant] must provide evidence, without redaction, showing how [claimant's] impairment(s) affects [claimant's] functioning during the time [claimant states] that [claimant is] disabled ..."). More specifically, the claimant has the burden to submit evidence proving her RFC at Step Four. *Schmidt v. Astrue,* 496 F.3d 833, 841 (7th Cir. 2007); *Luster v. Astrue,* 358 F. App'x 738, 741 (7th Cir. 2010); *Allen v. Sullivan,* 977 F.2d 385, 387–88 (7th Cir. 1992). On the other hand, the ALJ has the duty to develop the medical record. *See* 20 C.F.R. § 404.1512(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history").

As an initial matter, the Court notes that Plaintiff was represented by counsel at the hearing and her counsel could have helped confront these issues through her own questioning of Plaintiff. *See Primm v. Saul*, 789 F. App'x 539, 544 (7th Cir. 2019) (citing Eichstadt v. Astrue, 534 F.3d 663, 668 (7th Cir. 2008)) (the claimant was

"represented by counsel at the hearing" and, as such, was "presumed to have made her best case before the ALJ"). Additionally, Plaintiff has not shown that the ALJ was obligated to make these inquiries. *See McHenry v. Berryhill*, 911 F.3d 866, 873 (7th Cir. 2018) (rejected plaintiff's argument that the ALJ erred by invoking her physical activities to discredit her symptom allegations without first asking about the extent of activity with questions at the hearing). The ALJ fulfilled his duty to develop a complete medical record. Plaintiff's argument fails.

## II.   Subjective Allegations and Third-Party Statements

Plaintiff argues that the ALJ's RFC determination that incorporated his evaluation of her subjective symptom allegations was wrong, improperly applied activities of daily living against her, and did not account for her husband's third-party statement.

The regulations provide factors for an ALJ to consider in determining the extent to which a claimant's statements about the intensity and persistence of her symptoms limit her capacity for work. 20 C.F.R. § 404.1529(c). Those factors include objective medical evidence, information from a claimant's medical sources about her symptoms, a claimant's course of treatment, and inconsistencies between a claimant's statements and other evidence. 20 C.F.R. § 404.1529(c)(2)-(4). The ALJ must carefully consider the entire case record and evaluate the "intensity and persistence of an individual's symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities." SSR 16-3p, 2016 WL 1119029 at *2. Though the ALJ need not discuss every piece of evidence in the record, the ALJ may not ignore an entire line of evidence that is contrary to his findings. *Golembiewski v.*

*Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) (citing *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) and *Zurawski*, 245 F.3d at 888).

While the Court is satisfied that the ALJ's analysis supporting his RFC determination was not unreasonable, the Defendant inexplicably failed to address Plaintiff's argument that her husband's third-party statement should have been considered. The Court notes that the ALJ incorporated Plaintiff's husband's third-party statement into his analysis, and, even if the ALJ had not, it is likely part of a line of evidence that the ALJ addressed thoroughly. Nevertheless, Defendant forfeited this argument by failing to brief it.

### III. RFC Determination in Relation to Plaintiff's Pain

Plaintiff quibbles with the ALJ's alternative finding that, using the Medical-Vocational Rules, there are also other jobs in the national economy that she can perform. Because addressing this argument would be premature, the Court elects not to do so.

### CONCLUSION

The Commissioner's final decision denying Plaintiff's application for social security disability benefits is **REVERSED** and **REMANDED** to the Commissioner for rehearing and reconsideration of the evidence, pursuant to sentence four of 42 U.S.C. §405(g). The Clerk of Court is **DIRECTED** to close this case and enter judgment in favor of Plaintiff.

This Memorandum and Order should not be construed as an indication that the Court believes that Plaintiff was disabled during the relevant period, or that she should be awarded benefits. On the contrary, the Court has not formed any opinions

in that regard and leaves those issues to be determined by the Commissioner after further proceedings.

**IT IS SO ORDERED.**

**DATED:  September 3, 2021**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
